IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

CHAYA JONES,

        Plaintiff,

  Vs.                                      No.  12-4111-SAC

NAOMI JONES, STATE POLICE,
RANIBOW MENTAL HEALTH FACILITY,
OSAWATOMIE POLICE DEPARTMENT,
KU POLICE DEPARTMENT, PROVIDENCE
POLICE DEPARTMENT, (fku) LYNCH, and
BARACK OBAMA, President of the United
States of America,

              Defendants.

ORDER

The pro se plaintiff, Chaya Jones, filed a civil complaint form in which most of the spaces have been left blank. (Dk. 1). Most importantly, the plaintiff's complaint offers no allegations as to jurisdiction, statement of claim, or prayer for relief. *Id*. The plaintiff has signed and filed a motion to proceed without prepayment of fees and an affidavit of financial status.  (Dk. 3). Like her complaint, the plaintiff has not completed most of the blanks on these pleading forms.

Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees . . ., by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees . . . .  Such affidavit

shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  "Notwithstanding any filing fee, . . ., the court shall dismiss the case at any time if the court determines that--- . . . the action . . . is frivolous or malicious; [or] . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Thus, in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Department of* Treasury¸ 408 F.3d 1309, 1312 (10th Cir. 2005) (citation omitted).

Despite having and using the court's pleading forms, the plaintiff makes no reasonable attempt at completing them or at providing the most basic and necessary information for an IFP determination. In the exercise of its discretion, the court denies the plaintiff's motion to proceed without prepayment of fees, as she has failed to provide the requisite information.

IT IS THEREFORE ORDERED that the plaintiff's motion to proceed without prepayment of fees is denied and this case is dismissed without prejudice for failure to pay the filing fee.

Dated this 14th day of September, 2012, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge